KAREN NELSON MOORE, Circuit Judge,
concurring in the judgment.
Because the Allen lawsuit against Preferred does not claim “[djamages because of ‘bodily injury’ or ‘property damage,’ ” R. 20-4 (Garage Form at 17) (Page ID #177), it is not the type of “suit” that is covered by the Auto Dealers Legal Defense Coverage. See R. 20-3 (Garage Form Endorsement at 6) (Page ID #157). I accordingly concur in the judgment.
The Auto Dealers Legal Defense Coverage states that Motorists Mutual has a “duty to defend any ‘suit’ brought against [Preferred] by ... a customer of [Preferred] that results from damage to ‘your product’ or ‘work you performed.’ ” R. 20-3 (Garage Form Endorsement at 6) (Page ID #157). A “suit” is defined, however, as “a civil proceeding in which[] [d]amages because of ‘bodily injury’ or ‘[damage to or loss of use of tangible property]’ ... to which this insurance applies, are claimed.” R. 20-4 (Garage Form at 17) (Page ID #177). The Allen lawsuit asserts the following claims against Preferred: (1) willful violations of Kentucky’s Consumer Protection Act; (2) fraud; (3) “breach of contract/estoppel/unjust enrichment”; and (4) negligence in selling the automobile. R. 21-2 (Allen Compl. at 3-5) (Page ID #205-07); The damages claimed in Allen’s lawsuit, accordingly, are because of Pre-feiTed’s “material misstatements and omissions,” id. at 3 (Page ID #205), not “because of ‘bodily injury’ or ‘property damage.’” R. 20-4 (Garage Form at 17) (Page ID #177). The district court did not err in granting summary judgment to Motorists Mutual.